Morgan E. Smith (SBN 293503)
Email: morgan.smith@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Mark Sommers (*pro hac vice* to be filed)
Email: mark.sommers@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408-4064
Facsimile: (202) 408-4400

Attorneys for Defendant
Faraday&Future Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FARADAY BICYCLES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FARADAY&FUTURE INC., <br><br> Defendant. | CASE NO. 4:17-cv-02308-SBA <br><br> **ANSWER AND COUNTERCLAIM** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant Faraday&Future Inc. ("Faraday Future"), through its counsel, answers Plaintiff Faraday Bicycles, Inc.'s ("Faraday Bicycles") Complaint as follows:

## THE PARTIES

2. Faraday Future is without information sufficient to form a belief about the allegations of Paragraph 2 and therefore denies them.[1]

3. Admitted.

4. Denied as written.

## JURISDICTION AND VENUE

5. Based on the information currently available to Faraday Future, admitted. Faraday Future reserves the right to challenge subject matter jurisdiction based on facts as discovered during the course of this action.

6. Denied as written.

7. Denied.

## INTRADISTRICT ASSIGNMENT

8. Paragraph 8 merely recites Northern District of California Civil Local Rule 3-2(c) and contains no allegations to admit or deny.

9. Denied.

## FACTUAL ALLEGATIONS

10. Faraday Future is without information sufficient to form a belief about the allegations of Paragraph 10 and therefore denies them.

11. Faraday Future is without information sufficient to form a belief about the allegations of Paragraph 11 and therefore denies them.

12. Faraday Future is without information sufficient to form a belief about the allegations of Paragraph 12 and therefore denies them.

13. Faraday Future admits that USPTO records list Faraday Bicycles as the owner of U.S. Reg. No. 4413335, depict FARADAY as the "Mark," and list "electric bicycles" as the goods

---

[1] The Complaint does not contain a "Paragraph 1."

covered by the mark. Faraday Future is without information sufficient to form a belief about the remaining allegations of Paragraph 13 and therefore denies them.

14. Faraday Future admits that USPTO records reflect that U.S. Reg. No. 4413335 issued on October 8, 2013. Faraday Future denies that it uses the name "Faraday" standing alone. Faraday Future is without information sufficient to form a belief about the remaining allegations of Paragraph 14 and therefore denies them.

15. To the extent the allegation presumes Faraday Future needs permission or consent from Faraday Bicycles, denied.

16. Faraday Future admits that it is an automotive and technology company focused on the development of intelligent electric cars. Faraday Future admits that its initial investor is from China and that its website states that its international team includes over 1,400 employees. To the extent there are additional allegations in this Paragraph, denied.

17. Faraday Future admits that it operates under the name "Faraday Future." Faraday Future admits that it and its anticipated products have been referred to as "Faraday Future" in numerous print and digital publications. To the extent there are additional allegations in this Paragraph, denied.

18. Faraday Future admits that it attended the 2016 and 2017 Consumer Electronics Shows and advertised its company and a prototype car at such shows under the name "Faraday Future." To the extent there are additional allegations in this Paragraph, denied.

19. Faraday Future admits that it has applied to register FARADAY FUTURE and ⟨◇⟩ Faraday Future with the USPTO. Faraday Future denies that the USPTO rejected these applications based on a likelihood of confusion with Faraday Bicycles' mark. On November 3, 2016, the USPTO stated in an Office Action issued to Faraday Future that it "found no similar registered marks that would bar registration under [15 U.S.C. § 1052(d)]." Faraday Bicycles then filed a third-party complaint with the USPTO Commissioner of Trademarks, known as a Letter of Protest, asking that Faraday Bicycles' U.S. Registration No. 4413334 ("the '334 Registration") prevent the registration of Faraday Future's pending applications. The Commissioner of Trademarks granted Faraday Bicycles' request and asked the USPTO Examining Attorney to consider the '334

2

ANSWER AND COUNTERCLAIM
CASE No 4:17-cv-02308-SBA

1  Registration.  As a result, the Examining Attorney issued a superseding Office Action requiring

2  Faraday Future to address the '334 Registration.  After considering the facts and arguments

3  submitted by Faraday Future, the Examining Attorney approved Faraday Futures' applications for

4  registration, finding that the '334 Registration did not prevent registration of Faraday Future's

5  applications.  Consistent with such rulings, all three of Faraday Future's U.S. trademark applications

6  for FARADAY FUTURE and ◇✕◇ Faraday Future have since cleared the trademark

7  examination process, been approved by the USPTO examining corps for registration, and then

8  published for third-party opposition in May and June 2017.  Faraday Future denies the remaining

9  allegations of Paragraph 19.

10      20.     Admitted.

11      21.     To the extent the allegation presumes Faraday Future was obligated to cease using

12  "Faraday Future," denied.

13      22.     Denied.

## FARADAY BICYCLES' CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement; 15 U.S.C. § 1114)

17      23.     Faraday Future repeats and incorporates by reference its answers to each of the

18  foregoing Paragraphs.

19      24.     Faraday Future is without information sufficient to form a belief about the allegations

20  of Paragraph 24 and therefore denies them.

21      25.     Faraday Future is without information sufficient to form a belief about the allegations

22  of Paragraph 25 and therefore denies them.

23      26.     Denied as written.

24      27.     To the extent the allegation presumes Faraday Future needs permission or consent

25  from Faraday Bicycles, denied.

26      28.     Denied.

27      29.     Denied.

| | |
|---|---|
| 1 | **SECOND CLAIM FOR RELIEF** |
| 2 | **(False Designation of Origin & Unfair Competition; 15 U.S.C. § 1125(a))** |
| 3 | 30. Faraday Future repeats and incorporates by reference its answers to each of the |
| 4 | foregoing Paragraphs. |
| 5 | 31. Faraday Future denies that Faraday Bicycles' FARADAY mark is inherently |
| 6 | distinctive for electric bicycles and that it has otherwise acquired distinctiveness for these goods. |
| 7 | Faraday Future is without information sufficient to form a belief about the remaining allegations of |
| 8 | Paragraph 31 and therefore denies them. |
| 9 | 32. Denied. |
| 10 | 33. Denied. |
| 11 | 34. Denied. |
| 12 | 35. Denied. |
| 13 | 36. Denied. |
| 14 | 37. Denied. |
| 15 | 38. Denied. |
| 16 | 39. Denied. |

## AFFIRMATIVE DEFENSES

40. The Complaint fails to state a claim on which relief can be granted.

41. Faraday Future reserves the right to challenge subject matter jurisdiction based on facts as discovered during the course of this action.

42. Venue is improper in this Court and Faraday Bicycles' claims should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transferred to the proper venue.

43. Faraday Bicycles' mark is descriptive of electric bicycles and is thus not entitled to protection.

44. Faraday Bicycles' mark is primarily merely a surname and not entitled to protection.

45. Faraday Bicycles' alleged mark, goods, channels of trade, and classes of consumers sufficiently differ from those of Faraday Future, and thus avoid a likelihood of confusion.

46. Low-speed electric bicycles like Faraday Bicycles' are considered consumer products and treated as ordinary bicycles by the Consumer Product Safety Commission, not motor vehicles regulated by the Department of Transportation and/or the National Highway Traffic Safety Administration. Faraday Bicycles' goods differ sufficiently from those of Faraday Future to avoid likelihood of confusion.

47. Faraday Bicycles' claims are barred by waiver, laches, estoppel, and/or acquiescence.

48. Faraday Bicycles is not the real party in interest entitled to bring this action.

49. Faraday Bicycles has failed to join a party under Rule 19 and its claims should be dismissed under Rule 12(b)(7) of the Federal Rules of Civil Procedure.

50. Faraday Future reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Procedure, the Lanham Act, and any other defenses in law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendant Faraday&Future Inc. ("Faraday Future"), through its undersigned counsel, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and believe as to all other matters.

## NATURE OF THE COUNTERCLAIMS

1. This Counterclaim arises out of Faraday Bicycles, Inc. ("Faraday Bicycles") improperly obtaining a trademark registration that is primarily merely a surname and descriptive of Faraday Bicycles' goods, namely electric bicycles.

## PARTIES

2. Faraday Future is a California corporation with a principal place of business at 18455 S. Figueroa Street, Gardena, California 90248.

3. Faraday Bicycles is a Delaware corporation with a principal place of business at 360 Langton Street, Suite 107, San Francisco, California 94103.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this counterclaim pursuant to 15 U.S.C. §§ 1119, 1121, and 28 U.S.C. §§ 2201, 1331, 1338(a) and (b).

5.      By its Complaint, Faraday Bicycles has charged Faraday Future with trademark infringement, unfair competition, and false designation of origin—all of which Faraday Future denies.

6.      As a result of Faraday Bicycles' Complaint and allegations, Faraday Bicycles has submitted itself to the jurisdiction and venue of this Court, as set forth and reserved above.

## FARADAY FUTURE AND ITS DEVELOPING BUSINESS

7.      Faraday Future, founded in 2014, is an automotive and technology company focused on the development of intelligent electric cars.

8.      Since its founding, Faraday Future has spent significant time and money researching, designing, and developing a new electric passenger car company. Faraday Future's first concept car was introduced and displayed at the 2016 Consumer Electronics Show in Las Vegas, Nevada, which was followed by the introduction and display of Faraday Future's first prototype electric passenger car one year later at the 2017 Consumer Electronics Show, also held in Las Vegas, Nevada. Faraday Future as not yet manufactured any production cars.

## FARADAY BICYCLES AND ITS MARK

9.      Faraday Bicycles was founded in 2011 and sells bicycles that have electric motors.

10.     Faraday Bicycles electric bicycles retail for $2,500 - $3,500 and are sold on Faraday Bicycles' website and through a network of independent retail specialty bicycle shops.

11.     On August 31, 2012, Faraday Bicycles filed a U.S. trademark application for the mark FARADAY covering "electric bicycles." The application matured to Registration No. 4413334 ("the '334 Registration") on October 8, 2013.

12.     Faraday Bicycles has relied on the '334 Registration in several instances to claim federal trademark infringement against Faraday Future, including in this action and in U.S. Trademark Opposition Nos. 91235979 and 91235980.

## MICHAEL FARADAY AND HIS SCIENTIFIC CONTRIBUTIONS

13. Michael Faraday was an acclaimed English physicist and chemist known for his work in electromagnetism. Among other accomplishments, Michael Faraday invented the first electric motor.

14. At least two scientific measurements were named in honor of Michael Faraday, the "faraday" unit of measurement and the "Faraday constant."

15. A "faraday" is defined by the dictionary as a unit of electrical charge used in the study of electrochemical reactions. One "faraday" denotes the magnitude of the charge of one mole of electrons.

16. Related to the "faraday" unit, the "Faraday constant" (as defined by the dictionary) denotes the magnitude of electric charge per mole of electrons. It is commonly used in electrolysis and other electrochemical reactions.

17. Like the scientific community, some electric-based businesses pay homage to Michael Faraday in their company names. For example, Faraday Bicycles named itself after Michael Faraday and openly promotes this origin of the company name. Faraday Technology, another electric-based company that engineers and designs electronic chips and circuits, has also incorporated "Faraday" into its company name.

**COUNT 1**
**Cancellation of the '334 Registration on Grounds of Descriptiveness; 15 U.S.C. § 1052(e)(1)**

18. Faraday Future repeats and realleges each and every allegation above.

19. Given the scientific and dictionary meanings behind "faraday" and the "Faraday constant," particularly in the field of electricity, Faraday Future's FARADAY mark merely describes a quality, characteristic, function, feature, and/or purpose of its specified goods, namely bicycles that have an electric motor.

20. Faraday Bicycles' FARADAY mark has not acquired distinctiveness under 15 U.S.C. § 1052(f). Faraday Bicycles has not shown and cannot show the requisite secondary meaning in its mark to warrant registration.

7

ANSWER AND COUNTERCLAIM
CASE NO 4:17-CV-02308-SBA

21.     Accordingly, the '334 Registration should be cancelled under Section 2(e)(1) of the Lanham Act, 15 U.S.C. § 1052(e)(1).

**COUNT 2**
**Cancellation of the '334 Registration as Primarily Merely a Surname; 15 U.S.C. § 1052(e)(4)**

22.     Faraday Future repeats and realleges each and every allegation above.

23.     To the purchasing public, the primary significance of "Faraday" is that of a surname. The USPTO has previously noted that, as of November 2012, 235 people in the United States had the surname Faraday.

24.     In addition, Faraday is the surname of Michael Faraday, the acclaimed English physicist and chemist who, as discussed above, is known for his work in electromagnetism. Faraday Bicycles named itself after Michael Faraday, openly promoting such reasoning and further emphasizing the surname origins of the company name. As such, the purchasing public recognizes "Faraday" as the surname of Michael Faraday, a great contributor to electromagnetic science, including the invention of the first electric motor.

25.     Faraday Bicycles has not and cannot establish evidence of its long and exclusive use of FARADAY such that its significance to the public has changed from that of a surname to that of a mark for particular goods or services.

26.     Faraday Bicycles' FARADAY mark has not acquired distinctiveness under 15 U.S.C. § 1052(f). Faraday Bicycles has not shown and cannot show the requisite secondary meaning in its mark to warrant registration.

27.     Accordingly, the '334 Registration should be cancelled under Section 2(e)(4) of the Lanham Act, 15 U.S.C. § 1052(e)(4).

**PRAYER FOR RELIEF**

WHEREFORE, Faraday Future prays that Faraday Bicycles' Complaint be dismissed in its entirety with prejudice; that judgment be entered in favor of Faraday Future and against Faraday Bicycles; that Faraday Bicycles be denied all relief requested in their Complaint (including all temporary, preliminary, or permanent injunctive relief); and that this Court enter judgment in

Faraday Future's favor on each of Faraday Future's counterclaims set forth above and award it relief including, but not limited to the following:

    A.    An Order cancelling U.S. Registration No. 4413334 on the ground that it is descriptive of Faraday Bicycles' goods, namely electric bicycles, and has not acquired distinctiveness under 15 U.S.C. §1052(f).

    B.    An Order cancelling U.S. Registration No. 4413334 on the ground that it is primarily merely a surname and has not acquired distinctiveness under 15 U.S.C. § 1052(f).

    C.    An Order awarding Faraday Future its attorneys' fees, costs, and expenses in this action.

    D.    Other relief as the Court may deem just and appropriate.

## JURY DEMAND

Faraday Future respectfully demands a trial by jury on all claims and issues so triable.

Dated: September 18, 2017        FINNEGAN, HENDERSON, FARABOW,
                                                  GARRETT & DUNNER, LLP

                                      By: */s/ Morgan E. Smith*
                                               Morgan E. Smith
                                               Attorney for Defendant
                                               Faraday&Future Inc.