Morgan E. Smith (SBN 293503)
Email: morgan.smith@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:   (650) 849-6600
Facsimile:    (650) 849-6666

Mark Sommers (admitted *pro hac vice*)
Email: mark.sommers@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone:   (202) 408-4064
Facsimile:    (202) 408-4400

Attorneys for Defendant
Faraday&Future Inc.

Shawn J. Kolitch (admitted *pro hac vice*)
Email: shawn@khpatent.com
Owen W. Dukelow (SBN 196265)
Email: owen@khpatent.com
KOLISCH HARTWELL, P.C.
260 Sheridan Avenue, Suite 200
Palo Alto, CA 94306
Telephone:   (650) 325-8673
Facsimile:    (650) 325-5076

Attorneys for Plaintiff
Faraday Bicycles, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| FARADAY BICYCLES, INC.,<br><br>　　　　Plaintiff/Counterclaim Defendant,<br><br>　　v.<br><br>FARADAY&FUTURE INC.,<br><br>　　　　Defendant/Counterclaim Plaintiff. | CASE NO. 4:17-cv-02308-SBA<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>JURY TRIAL DEMANDED |

Plaintiff/Counterclaim Defendant Faraday Bicycles, Inc. ("Faraday Bicycles" or "Plaintiff") and Defendant/Counterclaim Plaintiff Faraday&Future Inc. ("Faraday Future" or Defendant), stipulate and agree between and among themselves, by and through their attorneys, to the entry of this Protective Order to govern the use, dissemination, and disclosure of certain documents and materials described below and obtained by the parties through discovery or otherwise in this action. The parties agree as follows:

**A.    Scope of Order**

This Protective Order shall apply to all information, premises, documents, and things owned or controlled by the parties, or of any parents, subsidiaries, divisions, branches, affiliates, related companies, agents, or licensees of any party, or of any other parties added or substituted in this case, that are subject to discovery in this action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced or otherwise provided, information obtained from inspection of premises or things, and answers to requests for admission (hereafter "Information and Materials").

**B.    Definitions**

1.    As used in this Order, "Confidential" Information and Materials shall include all Information and Materials that have not been made public, the disclosure of which the disclosing party contends could cause harm to its business operations or provide improper advantage to others. "Confidential" Information and Materials shall include, but shall not be limited to information that concerns or relates to (1) sales, marketing, manufacturing, or research and development; (2) financial performance; (3) manufacturing or other costs of doing business; (4) licenses or other confidential agreements; and/or (5) technical details of products or methods of doing business and/or marketing a product.

2.    As used in this Order, "Highly Confidential—Attorneys Eyes Only" Information and Materials shall include trade secrets within the meaning of the Uniform Trade Secrets Act and all Information and Materials that the disclosing party has reasonable grounds to believe would, if known to any officer, director, employee, or agent of a receiving party, or to the public, lead to a

significant harm or injury to the reputation and/or business of the disclosing party or provide improper advantage to others.

### C. Marking Requirements

1. All Information and Materials deemed *Confidential* or *Highly Confidential—Attorneys Eyes Only* will be so identified and labeled by the producing party.

2. If qualified Information and Materials cannot be labeled, they shall be designated as *Confidential* or *Highly Confidential—Attorneys Eyes Only* in a manner to be agreed upon by the parties.

3. In lieu of marking the original of a document or thing, if the original is not produced, the designating party may mark the copies that are produced or exchanged, but the other party, by its counsel, shall have the right to examine the original, to be provided with a full and complete copy, and to call for production of the original at the trial in this action. However, nothing in this Stipulated Protective Order requires the production of privileged or work-product Information and Materials, or any Information and Materials that are otherwise not subject to discovery. If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item(s) of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege. It is further agreed that the receiving party will return such inadvertently produced item(s) of information and all copies thereof within three (3) business days of receiving a written request for the return of such item(s) of information.

4. The identification and labeling specified in Paragraphs C.1, C.2, and C.3 of this Order shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, and when a copy of the document or thing is provided to each party. In the case of hearing and deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within forty-five (45) days after the receipt of the transcript or as otherwise agreed by counsel. During this period, the entire transcript shall be deemed to be *Highly Confidential—Attorneys Eyes Only*.

5.      In the event that a disclosing party discovers a failure to mark qualified Information or Materials as *Confidential* or *Highly Confidential—Attorneys Eyes Only*, the disclosing party shall notify the receiving party immediately and the following corrective action shall be taken:

(a)     The receiving party shall notify all persons who have received the Information and Materials that the Information and Materials are designated *Confidential* or *Highly Confidential—Attorneys Eyes Only* and must be treated as designated in this Order;

(b)     The receiving party shall take all reasonable steps to place the applicable *Confidential* or *Highly Confidential—Attorneys Eyes Only* label on the designated Information and Materials; and

(c)     The receiving party shall treat the newly marked Information and Materials as set out in Paragraphs F and H of this Order.

**D.     Designating Information and Documents**

1.      In designating Information and Materials as *Confidential* or *Highly Confidential—Attorneys Eyes Only*, a party will make such designation only as to that information that it in good faith believes to be *Confidential* or *Highly Confidential—Attorneys Eyes Only* as defined in Paragraph B of this Order.

2.      If counsel for a party believes that questions put to a witness being examined during a deposition will disclose *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials of his or her client, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such information, counsel shall so notify opposing counsel and the deposition of such witness, or portions thereof, shall be taken only in the presence of appropriate persons as defined in Paragraph F, counsel for the witness, if any, the stenographic reporter and videographer, and the officers or employees of the party whose *Confidential* or *Highly Confidential—Attorneys Eyes Only* information is being disclosed.

**E.     Redaction**

Redacted versions of *Confidential* or *Highly Confidential—Attorneys Eyes Only* materials that no longer contain *Confidential* or *Highly Confidential—Attorneys Eyes Only* information, and that are not subject to this Order, may be used for any proper purpose.

**F.     Access to *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials**

1. It is the general intent of the parties to limit disclosure to the smallest number of persons, consistent with the needs of litigation.

2. All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as *Confidential* under this Order is governed by this Order and is limited to the following persons:

   a. The law firms Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. and Kolisch Hartwell, P.C.

   b. In-house counsel for each party, including attorneys, law clerks, stenographic, clerical, and paralegal employees whose functions require access to such *Confidential* Information and Materials.

   c. Independent experts, consultants, or translators for each party and their clerical personnel, who are not employees of the parties (or their parents, subsidiaries, divisions, branches, affiliates, or agents), and whose advice and consultation will be used by such party in connection with preparation of this case for trial. However, disclosures to such persons will be allowed only after the conditions set forth in Paragraph F.4 of this Order are satisfied.

   d. Court stenographers, court reporters and their staff, outside deposition video services and their staff, outside copy services, and graphics or design services retained or engaged by such outside counsel in connection with their preparation of this action, and only to the extent necessary for such persons to carry out their duties in connection with this action.

|   |   |   |
|---|---|---|
| | e. | Mock jurors, and jury or trial consulting services, retained or engaged by such outside counsel in connection with their preparation of this action, and only to the extent necessary for such persons to carry out their duties in connection with this action. Disclosures to such persons, however, will be allowed only after the conditions set forth in Paragraph F.4 of this Order are satisfied. |
| | f. | Mediators who attempt to mediate this action (if any), together with their staff. Disclosures to such persons, however, will be allowed only after the conditions set forth in Paragraph F.4 of this Order are satisfied. |
| | g. | The Court and any person employed by the Court whose duties require access to such Confidential Information and Materials. |
| | h. | The parties (including officers, directors, and employees as representatives of the parties) to this lawsuit. |

3. All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as *Highly Confidential—Attorneys Eyes Only* under this Order is governed by this Order and is limited to the persons identified in Paragraphs F.2.a and c-g of this Order.

4. Prior to any disclosure of *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials to those persons named in Paragraphs F.2.c, F.2.e, and F.2.f of this Order, disclosing counsel shall obtain from each such person a copy of a signed undertaking as set forth in Exhibit A, including any information requested by Exhibit A.

**G.     Challenging Designation of Information and Materials**

1. <u>Timing of Challenges</u>. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2. <u>Meet and Confer</u>. A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel

for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

   3. <u>Judicial Intervention</u>. A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rules 7-11 and 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue.

   The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation.

  **H.** **Handling *Confidential* and *Highly Confidential—Attorneys Eyes Only* Information and Materials**

   1. Copies of *Confidential or Highly Confidential—Attorneys Eyes Only* Information and Materials shall not be made public by the party to whom they are disclosed unless they become a part of the public record in this action by agreement of the parties or by order or action of the Court. *Confidential or Highly Confidential—Attorneys Eyes' Only* Information and Materials may be included in whole or in part in pleadings, motions, or briefs only if such Information and Materials are filed with the Court under seal and in accordance with Local Rules 7-11 and 79-5. The parties stipulate that Information and Materials identified and labeled in accordance with this paragraph shall be received in camera as directed by the Court.

2.     Within sixty (60) days after the final judgment and the exhaustion of any appeals in this action or the settlement of this action, all Information and Materials covered by this Order, except those in possession of the Court, shall be destroyed, except that outside counsel may maintain one copy of all correspondence and pleadings. Any such copies that contain or constitute *Confidential or Highly Confidential—Attorneys Eyes' Only* Information and Materials remain subject to this Protective Order. Subject to this exception, outside counsel shall certify to counsel for the producing party the destruction of all additional copies of Information and Materials so designated in their possession, custody or control.

### I.    Information and Materials Subpoenaed or Ordered in Other Litigation

1.     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as *Confidential* or *Highly Confidential – Attorneys' Eyes Only*, the receiving party must so notify the designating party, in writing immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**J.     Miscellaneous**

1.     This Order shall not prevent a party from applying to the Court for relief from the Order or any part thereof, or for relief from its application in any particular circumstance, or from applying to the Court for further or additional protective agreements or orders.

2.     This Order shall survive the final termination of this or related proceedings to the extent that the *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials have not or do not become known to the public.

3.     No copy of any transcript of any deposition taken by any party that is designated in part or in whole as *Confidential* or *Highly Confidential—Attorneys Eyes Only* shall be furnished by the reporter to any person other than to counsel for the parties. Neither the original nor any copy of any transcript of any deposition taken in this proceeding shall be filed with the Court or used during the trial in this action until the parties' outside counsel have had the opportunity to designate those portions, if any, of the transcript that are to be regarded as *Confidential* or *Highly Confidential—Attorneys Eyes Only* as provided in Paragraph C.4. Upon such a designation, the designated portions of the transcript to be filed with the Court or used during the trial shall be filed under seal in accordance with Paragraph H of this Order, unless otherwise agreed by the parties or ordered by the Court.

4.     Each person having access to *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials under this Order shall take all reasonable steps to comply with this Order.

5.     Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this proceeding and, in the course of the proceeding, referring to or relying upon his or her examination of *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials; provided, that in rendering such advice and in otherwise communicating with clients, the attorney shall not make specific disclosure to any person of any *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials.

1     6.     Any person bound by this Order may rely on a waiver or consent that is made by an attorney for a party as if that waiver or consent was made by that party or person, provided that such waiver or consent shall be either in writing or on record in a hearing, trial, or deposition transcript.

      7.     A person or an entity that is not a party to this litigation may take advantage of the protection of *Confidential* or *Highly Confidential—Attorneys Eyes Only* Information and Materials provided by this Order, and such person or entity shall be entitled to all rights and protections afforded the disclosing party under this Order.

      8.     This Order shall not be construed: (a) to prevent any party or its attorneys from making use of information that is lawfully in its possession prior to its disclosure by the Producing Party; (b) to apply to information that appears in public records, printed publications, or otherwise becomes publicly known; or (c) to apply to information that any party or its attorneys have, after disclosure by the producing party, lawfully obtained from a third party having the right to disclose such information.

The parties, through their undersigned counsel, agree to the terms of this Stipulated Protective Order as of the last dates shown below.

By her signature below, counsel for Faraday&Future Inc. attests that counsel for Faraday Bicycles, Inc. concurs in the content of this filing and has authorized this filing.

Dated: November 16, 2017        FINNEGAN, HENDERSON, FARABOW,
                                  GARRETT & DUNNER, LLP

                                By:   */s/ Morgan E. Smith*
                                      Morgan E. Smith
                                      Attorney for Defendant
                                      Faraday&Future Inc.

Dated: November 16, 2017    KOLISCH HARTWELL, P.C.

By: _/s/ Owen Dukelow_____
 Owen W. Dukelow
 Attorney for Plaintiff
 Faraday Bicycles, Inc.

### [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

_____
The Hon. Saundra B. Armstrong
United States District Judge
Northern District of California

# EXHIBIT A

*Faraday Bicycles, Inc. v. Faraday&Future Inc.*
4:17-cv-02308-SBA
United States District Court for the Northern District of California
Oakland Division

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

UNDERTAKING OF _____

STATE OF _____

COUNTY OF _____

I, _____, being duly sworn, state that:

1. My address is:

2. My employer is:

3. My present occupation or job description is:

4. I have received a copy of the Stipulated Protective Order in this case.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order and understand that a violation of the Stipulated Protective Order or this Agreement could result in sanctions against me.

7. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "Confidential" or "Highly Confidential—Attorneys Eyes Only" Information or Materials disclosed to me.

8. I will return all Information and Materials containing or disclosing "Confidential" Information and Materials which come into my possession, and Information and Materials that I have prepared relating thereto, to counsel for the party that provided me with the "Confidential" Information and Materials.

9. I submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____    By: _____